# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MICHAEL BUMPUS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-03900 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| UNITED AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William Michael Bumpus brings this suit against Defendant United Airlines, Inc., alleging failure to reemploy him in violation of the Uniformed Service Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4312, 4313, 4312(e)(2), and 4311, and the Illinois Service Member Employment and Reemployment Rights Act, 330 ILCS 61/1-1 *et seq.* ("ISERRA"). Defendant moves to dismiss Plaintiff's entire Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants in part and denies in part Defendant's motion [23].

## BACKGROUND

The following facts are taken as true for the purpose of resolving this motion. Defendant is a major U.S. airline that hired Plaintiff as a pilot on June 11, 2000. Plaintiff was a member of the 706th Fighter Squadron of the Air Force Reserve. On September 28, 2001, Plaintiff took an approved military leave of absence to engage in uniformed service. Plaintiff returned from that military leave on March 2, 2002, and Defendant immediately reemployed him and placed him on furlough. Plaintiff returned to military service while on furlough. He did not need to take leave to do so.

On September 5, 2006, Plaintiff suffered a medical condition in service that resulted in his hospitalization. A little over a month after this injury, Plaintiff received a recall letter from

1

Defendant but elected to bypass the recall. He received another recall letter on May 4, 2007, and accepted two weeks later. At some point during this process, however, Plaintiff reported the "disqualifying medical condition" he suffered during military service. Defendant declined to reinstate Plaintiff in any position and instead continued him on furlough. While on furlough, Plaintiff engaged in military service from 2008 until 2013.

In February 2012, Defendant offered to reinstate Plaintiff. Plaintiff requested military deferment in response, and Defendant acknowledged that deferment. On September 6, 2013, however, Defendant offered Plaintiff a "final" recall to his flight position, but Plaintiff bypassed the offer. Years later, on June 31, 2019, Plaintiff communicated his desire to continue employment with Defendant, but was informed that his employment had been terminated in 2007.

Plaintiff alleges that Defendant refused to recall him in 2019 or 2020, even though it recalled 111 other pilots. Plaintiff alleges that those pilots had "similar seniority and furlough duration" as him but "had not performed military service nor sustained medical disability." Plaintiff alleges that one of those pilots, Janine Purdy, "did not perform military service at any time" but was otherwise similar to Plaintiff: "She was hired in 2000, furloughed in 2002, granted a personal leave of absence in 2007, re-furloughed in 2009, and allowed to return in 2019 with her seniority from 2000 intact."

In response to these recall issues, Plaintiff engaged in an internal grievance process. His grievance was ultimately denied and he appealed. When his appeal was also rejected, he filed a complaint in the United States District Court for the Northern District of Illinois seeking an order permitting him access to a System Board of Adjustment to adjudicate his contractual right to recall. The District Court held that Plaintiff could submit his grievance to a System Board in his individual capacity, but that he had failed to exhaust contractual grievance procedures. After this decision, Defendant, the Air Line Pilots Association, and Plaintiff reached an agreement for Plaintiff to submit his grievance to the System Board. The sole arbitrator, John B. LaRocco, dismissed Plaintiff's

contractual claims with prejudice after an evidentiary hearing, finding that the grievance was untimely.

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). When considering dismissal of a complaint, the Court accepts well pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 397 (7th Cir. 2019). To survive a motion to dismiss, plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

**DISCUSSION**

  1. **Reemployment Rights Claims**

USERRA provides reemployment rights to our uniformed service members to "encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service." 38 U.S.C. § 4301(a)(1). If certain statutory conditions are met, 38 U.S.C. § 4301(a)(1)–(3), a person covered by § 4312 of USERRA "shall be entitled to [USERRA's] reemployment rights and benefits." *Id.* § 4312(a).

In Counts I through III of his complaint, Plaintiff alleges that Defendant violated his reemployment rights under 38 U.S.C. §§ 4312(a), 4312(e), and 4313 through its various refusals to recall him in 2007, 2012, 2019, and 2020. Each of these USERRA provisions defines the persons covered by its protections the same way. *See id.* § 4312(e) (applying to "a person referred to in

3

subsection (a)"); § 4313 (applying to "a person entitled to reemployment under section 4312"). The reemployment provisions at issue here thus apply to "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services." 38 U.S.C. § 4312(a).

Defendant argues that Plaintiff pleads himself out of court because he alleges that he was *not* absent "by reason of service in the uniformed services" any time after March 2002. That is, Plaintiff alleges that he took approved military leave in 2001, was reemployed in March 2002 (albeit into furlough status), and never again took military leave. (*See* Dkt. 14 ¶¶ 14–16). Because Sections 4312 and 4313 "only apply to the instant of reemployment," *Brown v. Con-Way Freight, Inc.*, No. 14 C 2055, 2016 WL 861210, at *4 (N.D. Ill. Mar. 7, 2016) (Kendall, J.), Defendant argues that Plaintiff's reemployment rights started in September 2001 and ended in March 2002. *See also Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 305 (4th Cir. 2006) (holding that "§ 4312 applies to protect a covered individual only as to the act of rehiring").

Perhaps recognizing this hurdle, Plaintiff argues in opposition that he was never "actually reemployed in good faith" in 2002, imposing upon Defendant an "ongoing" obligation to reemploy Plaintiff in 2007, 2019, and 2020. (*See* Dkt. 27 at 3–6.) Plaintiff concedes that "Defendant is correct [that Plaintiff] alleges he 'returned from military leave' on March 2, 2002." (*Id.* at 2 n.3.) But Plaintiff attempts to revise that allegation through an affidavit attached as Exhibit 1 to his opposition brief. (*Id.*) Plaintiff adds that, on March 2, 2002:

> [Plaintiff] did not seek to return from military leave at that time, nor had he completed his two-year term of military service by that time. Rather, Defendant unilaterally and administratively returned Bumpus from military leave, changed his status to "active", and then immediately furloughed Bumpus despite his military leave—which was ongoing—on March 2, 2002. Bumpus was unaware that he was administratively returned from military leave prior to his furlough until after March 2, 2021, when he filed his First-Level Grievance.

(*Id.*)

4

This Court "retains discretion to treat new claims presented for the first time in briefing as a constructive motion to amend," but it is rarely appropriate to do so. *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 490 (7th Cir. 2023). The Court does not find it appropriate to do so in this case. Plaintiff's opposition-brief allegations are hard to square with Plaintiff's complaint. (*See, e.g.*, Dkt. 14 ¶¶ 14–16 (alleging that Plaintiff "took a military leave of absence" in September 2001; "returned from military leave" in March 2002 to his position but was furloughed; and "engaged in military service after the furlough but, as he was furloughed, was not absent from his UAL pilot position solely because of this service")). Moreover, Plaintiff does not allege in his complaint (rather than in a footnote in his opposition brief) that he should not have been furloughed in 2002. *See* 20 C.F.R. § 1002.194 ("[I]f an employee's seniority or job classification would have resulted in the employee being laid off during the period of service, and the layoff continued after the date of reemployment, reemployment would reinstate the employee to layoff status."). The briefing in this case was complicated by the numerous time periods and sections of USERRA at issue. Because Defendant identified a seemingly fatal flaw in Plaintiff's complaint, it spent a significant portion of its arguments addressing the issue. And because Plaintiff raised his new factual points in a footnote in his opposition brief, this Court was left with limited, changing, and confusing arguments on how the key provisions of USERRA apply here.

The Court therefore accepts Plaintiff's complaint only as pled—i.e., that he returned to Defendant from military leave in March 2002 and never again took military leave but attempted to obtain a recall from furlough. (*See, e.g.*, Dkt. 14 ¶¶ 14–16; *id.* ¶ 25 (alleging that "since he was furloughed from March 2002 until recalled in May 2007, [Plaintiff] was only solely absent due to military service for six months (September 2001 – March 2002)").) As such, the Court agrees with Defendant that Plaintiff fails to state a USERRA reemployment claim under Counts I through III

5

because he fails to allege that his "absence from a position of employment" in 2007, 2012, 2019, or 2020 was "necessitated by reason of service in the uniformed services." 38 U.S.C. § 4312(a).

The Court therefore grants Defendant's motion to dismiss as to Counts I, II, and III and dismisses those counts without prejudice. Plaintiff will have an opportunity to amend and clarify his pleadings, but a footnote in his opposition brief was not the place to do it.

2. **Discrimination Claim**

In Count IV, Plaintiff alleges that Defendant discriminated against him in violation USERRA. Along with its reemployment provisions, USERRA prohibits discrimination against uniformed service members. 38 U.S.C. § 4311. In relevant part, USERRA provides, "A person who is a member of … a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership." *Id.* § 4311(a). Under Section 4311, military service must be a "motivating factor" in the discriminatory act. 38 U.S.C. § 4311(c)(1); *Staub v. Proctor Hosp.*, 562 U.S. 411, 417, 131 S. Ct. 1186, 179 L. Ed. 2d 144 (2011).

Plaintiff identifies two broad instances of alleged discrimination. First, Plaintiff alleges that Defendant rescinded its 2007 offer to recall Plaintiff after learning of the medical disability he sustained while engaged in military service.[1] However, "USERRA prohibits discrimination based on military status alone rather than on conditions stemming therefrom." *Arroyo v. Volvo Grp. N. Am., LLC*, 93 F.4th 1066, 1071 (7th Cir. 2024) (citing 38 U.S.C. § 4311(a)). Plaintiff alleges that Defendant opted to recall him knowing of his military status, but "only reneged on its recall *after* being told of [his] disability." (Dkt. 27 at 11.) In other words, even viewing these allegations in

---

[1] Plaintiff also argues that Defendant discriminated against him in 2007 when it violated its own "UAL policy" and refused to reinstate him and place him on medical leave. (*See* Dkt. 27 at 10-11, citing Dkt. 14 ¶ 37.) As Defendant points out, however, Plaintiff alleges that the UAL policy at issue was from "January 31, 2019," Dkt. 14 ¶ 37, and does not allege that the policy was in place twelve years earlier.

Plaintiff's favor, Plaintiff alleges only that Defendant discriminated against him because of his disability. If Plaintiff's disability was somehow a proxy for his military status, his allegations are insufficient to show how. His 2007 allegations therefore cannot support a USERRA discrimination claim as alleged.

Second, Plaintiff alleges that Defendant discriminated against him around 2019 when it recalled 111 other pilots but refused to recall him. Defendant argues that Plaintiff fails to state a claim because he does not allege that those 111 pilots were "similarly situated." But, although such allegations of differential treatment can raise an inference of discrimination, *see Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014), it is not necessary to identify similarly situated employees in a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022).

Defendant challenges Plaintiff's comparator Janine Purdy and argues that she was not similarly situated because, unlike Plaintiff, Purdy's recall rights had not expired in 2019. Yet even if Purdy and Plaintiff had different recall rights in 2019, Plaintiff's claim could succeed. USERRA is "very similar to Title VII," and a plaintiff can demonstrate discrimination when one factor motivating the discrimination is a protected characteristic, "even though other factors also motivated the practice." *Staub*, 562 U.S. at 417; *see also Bostock v. Clayton Cnty.*, 590 U.S. 644, 659 (2020) ("It doesn't matter if other factors . . . contributed to the decision."). Plaintiff alleges that Purdy had almost the exact same employment background as he did with Defendant except that she never served in the military. Plaintiff alleges that his military status is the distinction between the two that explains his not being recalled in 2019. And although Plaintiff does not allege many specifics about the other 110 pilots, he does assert that "[Defendant] continued to reinstate, with full seniority, pilots of similar seniority and furlough duration who had not performed military service nor sustained medical disability," and that there was otherwise "no discernible reason" for their recall and Plaintiff's denial. That is enough at this stage to plausibly state a claim. Any disputes arising over

the sufficiency of the identified similarly situated pilots or the strength of the circumstances alleged are properly settled on a more developed record.

Defendant's motion is denied as to Count IV.

### 3. ISERRA Claim

In Count V, Plaintiff alleges violations of ISERRA. ISERRA incorporates the full protections of USERRA into state law, including, but not limited to, 38 U.S.C. §§ 4311, 4312, and 4313. Having failed to state a claim under 38 U.S.C. §§ 4312 and 4313, Plaintiff's corresponding claims under ISERRA are also dismissed. However, Defendant's motion is denied as to the ISERRA provisions which incorporate § 4311, for the same reasons described above.

**CONCLUSION**

For these reasons, the Court grants in part and denies in part Defendant's Motion to Dismiss Plaintiff's Amended Complaint [23]. Defendant's motion is denied as to Counts IV and V. Defendant's motion is granted as to Counts I through III, and the Court dismisses those counts without prejudice. Plaintiff is granted leave to amend his complaint within 30 days if he believes in good faith that he can cure the deficiencies identified in this opinion.

**IT IS SO ORDERED.**

Date: 9/25/2024

Entered:

_____

SHARON JOHNSON COLEMAN
United States District Judge