UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MICHAEL BUMPUS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23 CV 03900 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| UNITED AIRINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff William Michael Bumpus ("Bumpus") filed this action against Defendant United Airlines, Inc. ("United") for failure to reemploy him in violation of the Uniformed Service Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4311, 4312, and 4313, 4312(e)(2) ("USERRA"), and the Illinois Service Member Employment and Reemployment Rights Act, 330 ILCS 61/1-1 *et seq.* ("ISERRA"). Before the Court is United's motion to dismiss Bumpus's second amended complaint ("SAC"). For the following reasons, the Court grants in part United's motion as to Counts I, II, and III, denies it as to Count IV, and denies it in part as to Count V.

**I.     Background**

The Court assumes the parties' familiarity with the facts as plead in the SAC, but due to their complexity, recites here those that the Court deems central to the instant motion. United is a major U.S. airline that hired Bumpus as a pilot on June 11, 2000. (Dkt. 35 ¶ 13.) On September 28, 2001, Bumpus took an approved military leave of absence to engage in uniformed service in the 706th Fighter Squadron of the Air Force Reserve. (*Id.* ¶ 14.) Bumpus planned to return to United in September 2003. (*Id.*) In February 2002, Bumpus received a letter from United informing him that he would be furloughed on March 2, 2002. (*Id.* ¶ 15.) On March 2, 2002, Bumpus received a phone

1

call from United informing him of his furlough. (*Id.* ¶ 16.) Bumpus informed United that he was on active duty with the Air Force Reserves and would remain employed by the Air Force while furloughed. (*Id.*) Bumpus alleges that he "was never directed to return to United and never sought to return, nor did he return, from military leave to United or his United domicile in 2002 because he was actively engaged in military service." (*Id.* ¶ 17.)

The SAC alleges that on March 2, 2002, United, without Bumpus's knowledge, "unilaterally and administratively" returned Bumpus from military leave, changed his status with United to "active," and then immediately furloughed him from his pilot position with United, giving him a recall window of seven years through March 2, 2009 under the then-applicable collective bargaining agreement. (*Id.*) A successive collective bargaining agreement that went into effect in 2003 extended Bumpus's furlough recall rights until March 2, 2012. (*Id.*) Bumpus did not discover that United had changed his status to "active," and then to "furloughed," until he filed his First-Level Grievance with United on March 2, 2021. (*Id.* ¶ 19.) The SAC alleges that "Bumpus remained engaged in military service after his furlough and was therefore absent from his UAL position both due to military service and due to his furlough."[1] (*Id.* ¶ 20.)

On September 5, 2006, Plaintiff suffered a medical condition while on active duty in the Air Force Reserves that resulted in his hospitalization. (*Id.* ¶ 21.) Six days later, Bumpus received a notice for recall, which Bumpus elected to bypass, or reject. (*Id.* ¶ 22.) Bumpus received a new recall notice from United on May 4, 2007. (*Id.* ¶ 23.) Bumpus accepted the recall two weeks later. (*Id.* ¶ 24.) At some point after accepting the recall, Plaintiff informed United about his medical condition he had

---

[1] In contrast, Bumpus's first amended complaint ("FAC") alleged that Bumpus, by reason of his placement on administrative furlough, had "returned from military leave" on March 2, 2002. In light of this allegation, the Court held in its September 2024 Order granting in part and denying in part United's motion to dismiss Bumpus's FAC that Bumpus was not entitled to reemployment rights, which "only apply to the instant of reemployment." (Dkt. 32 (quoting *Brown v. Con-Way Freight, Inc.*, 2016 WL 861210, at *4 (N.D. Ill. Mar. 7, 2016) (Kendall, J.)).

suffered while on active duty that prevented him from flying at that time. (*Id.*) Defendant thereafter declined to reinstate Bumpus to his pilot position or offer an alternative position, and informed him nearly eight months after he had accepted recall that he would remain on furlough through March 1, 2012. (*Id.* ¶¶ 24–25.)

In February 2012, United offered to reinstate Bumpus. (*Id.* ¶ 30.) Bumpus requested military deferment in response, and United acknowledged that deferment. (*Id.* ¶¶ 31–32.) On September 6, 2013, United offered Bumpus a "final" recall to his pilot position; Bumpus bypassed the offer. (*Id.* ¶¶ 41–42.) Years later, on June 31, 2019, Bumpus communicated his desire to continue employment with United, but was informed that his employment, and thus recall rights, had been terminated years earlier in 2007. (*Id.* ¶¶ 47–49.)

Bumpus filed this action alleging that United violated his reemployment rights by refusing to reinstate him or accommodate his disability, first on May 18, 2007 when he accepted United's recall offer and then several times thereafter. Bumpus also alleges that United discriminated against him in employment because of his status as a servicemember.

## II.     Legal Standard

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). A complaint must contain factual allegations that, accepted as true, "state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is facially plausible when the plaintiff alleges "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**III.     Discussion**

    **A. Reemployment Rights Claims**

USERRA provides reemployment rights to our uniformed service members to "encourage service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service," *inter alia*. 38 U.S.C. § 4301(a)(1). In relevant part, USERRA provides that "any person whose absence from a position of employment is necessitated by reason of service in the uniformed services" is entitled to reemployment if "the cumulative length of the absence and of all previous absences from a position of employment with that employer by reason of service in the uniformed services does not exceed five years," unless an exception applies. 38 U.S.C. § 4312(a)(2).

As an initial matter, the Court must determine whether the cumulative length of Bumpus's absence from his employment with United by reason of service in the uniformed services exceeds five years. The Court looks specifically at whether the initial period of Bumpus's absence from a position of employment with United—September 28, 2001 through May 18, 2007—exceeds five years within the meaning of USERRA. If it does, Plaintiff cannot recover under Section 4312 of USERRA.

It is undisputed that Bumpus was absent from employment with United from September 28, 2001 (when he began active military duty under his first leave of absence) to May 18, 2007 (when he accepted United's recall offer). It is also undisputed that Bumpus was absent by reason of military service within the meaning of USERRA for just over five months, from September 28, 2001 to March 2, 2002 (the date on which Bumpus was administratively furloughed). The Court also accepts as true the SAC's allegation that United's placement of Bumpus on furlough for administrative purposes on March 2, 2002 did not constitute reemployment following military service, as Bumpus was still engaged in active military service at that time and did not perform flight duties for United.

4

United argues that Bumpus was not entitled to reemployment in 2007 or any time thereafter because the combined duration of Bumpus's military leave exceeded five years, such that Bumpus's recall rights expired in September 2006. Bumpus argues that his absence from United did not exceed USERRA's five-year limitations period because the reason underlying a portion of his absence was unrelated to his military service. Bumpus offers a novel argument that periods of military leave do not count toward USERRA's five-year limitations period if the employee's military service "did not conflict" with his work obligations. Bumpus argues that "an absence coinciding with an employer's refusal to actively employ a veteran presents no inconvenience to the employer and such cannot be characterized as 'by reason of' service." (Dkt. 47 at *1–*2.) Under this theory, Bumpus was absent from employment with United "by reason of service" for only roughly five months—from September 28, 2001, when he took his first military leave of absence, through March 2, 2002, when United placed him on administrative furlough. According to Bumpus, his absence from March 2, 2002 through February 27, 2009, the date on which he accepted United's recall offer, does not count towards USERRA's five-year limit because he was absent during this time due to United having placed him on furlough—not by reason of service. He contends that, although he was "away from United" for a total period exceeding five years, the period during which he served in the military while concurrently furloughed with United did not conflict with his furlough obligations, and thus should not be counted toward USERRA's five-year limit.

The principal question here is whether Bumpus's absence from United from March 2, 2002 to May 18, 2007 was necessitated by reason of military service. The Court finds that it was, and in doing so, rejects the argument that military leave during a furlough period does not constitute an "absence [] from a position of employment . . . by reason of service[.]" 38 U.S.C. § 4312(a)(2). USERRA makes clear that the pertinent consideration is whether a servicemember's cumulative period of service exceeds five years. *See id.* The statute makes no distinction between a

servicemember's period of service and work that conflicts with military service. The Court will not read such a distinction into the statute without clear evidence that Congress intended to give USERRA such meaning.

The Court acknowledges that the U.S. Department of Labor ("DOL") has offered interpretations of USERRA. For example, DOL's guidance specifies that the five-year limitations period runs only during service that has "interrupted" existing employment. *See, e.g.*, U.S. Dep't of Labor, Legal Guide & Case Digest, Part 1, Veterans' Reemployment Rights Under the Universal Military Training & Service Act, as amended, and related Acts, 203 (1964). DOL has also instructed that "service performed while employees are not absent from work does not count for purposes of the five-year service limitation on non-exempt service." VETS USERRA Fact Sheet #4: Frequently Asked Questions – Notification of Absence due to Uniformed Service under USERRA, U.S. Dept. of Labor, available at https://www.dol.gov/sites/dolgov/files/VETS/files/USERRA-FACt-Sheet-4-Notification-of-Absence.pdf. The Court reads this latter commentary as pertaining to situations in which a person, *while* privately employed, intends to engage in military service in some capacity that does not conflict with their employment duties. Indeed, DOL's guidance explicitly applies to a current "employee," not someone who was formerly employed and is seeking to be reemployed. *See id.* ("An *employee* whose leave for uniformed service takes place wholly during a time period in which they are not working, or subject to be working, is not required to give notice of their service because the *employee* will not be absent from employment due to service.") (emphases added).

For the avoidance of doubt, USERRA's plain language states that a person who is absent from a position of employment by reason of service—*i.e.*, a person covered by the statute—"shall be deemed to be *on furlough* or leave of absence while performing such service[.]" 38 U.S.C. § 4316(b)(1)(A) (emphasis added). In other words, the statute not only contemplates Bumpus's situation, but instructs that those in a situation resembling his be administratively placed on furlough

6

or leave of absence while engaging in military duty. If the Court were to find that a furloughed employee is *not* absent within USERRA's meaning, furloughed employees would be exempt from USERRA's five-year rule until recalled and/or placed in active employee status, contrary to the statute's plain language. As a practical matter, then, furloughed employees would have greater rights than employees whose services are in active demand. Such an outcome is absurd.

Even assuming, arguendo, that the Court accepted Bumpus's contention that he was absent from United not because of his military service, but rather because of having been furloughed, Plaintiff would fall outside the scope of the statute, as only servicemembers who are seeking to return from their absence *by reason of service* are entitled to reemployment. *See* 38 U.S.C. § 4312(a); *see also* Dkt. 32 at *4 (holding that Sections 4312 and 4313 "only apply to the instant of reemployment") (quoting *Brown v. Con-Way Freight, Inc.*, 2016 WL 861210, at *4 (N.D. Ill. Mar. 7, 2016) (Kendall, J.) (citations omitted)).

Because the Court finds that the combined duration of Bumpus's military service exceeded five years before May 18, 2007, the Court finds that Plaintiff has failed to state a USERRA reemployment claim. Because Bumpus is not entitled to reemployment under Section 4312, his claim under Section 4313 likewise fails. *See* 38 U.S.C. § 4313 (applying only to persons entitled to reemployment under Section 4312). Accordingly, the Court grants Defendant's motion to dismiss Counts I, II, and III of the SAC.

### B. Discrimination Claims

In Count IV, Bumpus alleges that United discriminated against him in violation of Section 4311 of USERRA. In relevant part, USERRA prohibits discrimination in employment if the employee's membership in the armed services "is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership[.]" 38 U.S.C. § 4311(c)(1). "An individual's military status need not be the sole factor for the decision; it

needs only to be a motivating factor." *Sorenson v. Delta Air Lines*, 2018 WL 11337604, at *3 (N.D. Ga. Feb. 16, 2018); *see also Mock v. City of Rome*, 851 F. Supp. 2d 428, 432 (N.D.N.Y. 2012); *Woodard v. N.Y. Health & Hosps. Corp.*, 554 F. Supp. 2d 329, 348 (E.D.N.Y. 2008).

Bumpus identifies two time periods during which United's alleged discrimination occurred. First, the SAC alleges that in 2007, after learning of Bumpus's medical condition that prevented him from flying, United refused to extend to him a personal leave of absence similar to those that United had extended to other pilots of similar seniority and furlough duration who had not performed military service, but who also had medical conditions that prevented them from flying. Second, the SAC alleges that United discriminated against Bumpus again in 2019 and 2020 by not recalling or reinstating him, despite having recalled and reinstated, with full seniority, 111 other pilots who had not performed military service. Bumpus alleges that United's decisions to not extend to him a leave of absence or recall and reinstate him were motivated, in part, by his military service.

The Court finds that Bumpus has sufficiently alleged that his military status was *a* motivating factor—even if not the sole factor—in United's refusal to extend to him a personal leave of absence and decision to not recall or reinstate him, despite doing so for other pilots without military backgrounds. *See supra*. Such allegations pass muster for pleading purposes.

### C. ISERRA Claim

In Count V, Plaintiff alleges violations of ISERRA, 330 ILCS 61/1-1 *et. seq.* ISERRA incorporates the full protections of USERRA into state law, including, but not limited to, 38 U.S.C. §§ 4311, 4312, and 4313. Having failed to state a claim under Sections 4312 and 4313, Bumpus's corresponding claims under ISERRA are also dismissed. Defendant's motion, however, is denied as to the ISERRA provisions that incorporate Section 4311, for the reasons described above.

**IV.** **Conclusion**

For the foregoing reasons, the Court grants in part and denies in part United's motion to dismiss Bumpus's SAC [40]. United's motion is granted as to Counts I through III, denied as to Count IV, and denied in part as to Count V.

**IT IS SO ORDERED.**

SHARON JOHNSON COLEMAN
United States District Judge

DATED: 5/2/2025

9